UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT BONDS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0592AS |
| ) | |
| EDDIE BUSS, ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about September 20, 2005, *pro se* petitioner, Robert Bonds, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on January 13, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner filed a Traverse on February 16, 2006, which this Court has carefully examined.

A good place to start here is the decision of the Supreme Court of Indiana in *Bonds v. State*, 721 N.E. 2d 1238 (Ind. 1999).  The convictions and sentences imposed in Marion County, Indiana were upheld and affirmed by a majority of the Supreme Court of Indiana with Justice Sullivan filing a limited concurrence in result without opinion.  That opinion by the Supreme Court of Indiana was entered on December 17, 1999.  Thereafter, a decision was had in the Court of Appeals of Indiana on August 24, 2004, an unpublished memorandum

decision authored by Chief Judge Kirsch and concurred in by Judges Baker and Robb. That 12-page opinion of the second highest court in Indiana is marked as Appendix "A", attached hereto and incorporated herein. The Supreme Court of Indiana denied transfer on October 19, 2004, and this petition was filed on September 20, 2005. Certainly the decisions of the Supreme Court of Indiana and the Court of Appeals of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do. This petitioner is certainly entitled to the benefit, if any, under *Houston v. Lack,* 487 U.S. 266 (1988).

Once again the Attorney General of Indiana argues for an application of the one-year statute of limitations under 28 U.S.C. §2244(d)(1) and further argues that there is no tolling under 28 U.S.C. §2244(d)(2). *See also Artuz v. Bennett*, 531 U.S. 4 (2000). Certainly all of this conduct has been since April 24, 1997, the final effective date after a judicial extension of the AEDPA. The Attorney General argues that the petitioner's convictions were final on March 16, 2000 with the expiration of the time within which to seek a writ of certiorari to the Supreme Court of the United States. The authority is *Griffith v. Kentucky*, 479 U.S. 314 (1987).

It is further argued that this petitioner had until March 17, 2001 in which to file this petition for relief under 28 U.S.C. §2254, and *Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002) is cited. *Houston* simply does not permit this court to breathe life into this petition. As indicated on several occasions recently, it is beyond any doubt that the statute of limitations

2

provisions of AEDPA has some hard edges, but it is the obligation of this court to follow the mandates of the Congress, Supreme Court of the United States and Court of Appeals for this circuit.  In doing so, it is compelled to **DISMISS** this petition.

This court has given most respectful attention to the arguments advanced by this pro se petitioner in his filing of February 2, 2006.  Certainly this court does not need to be lectured about *Haines v. Kerner*, 404 U.S. 519 (1972), and has been familiar with it for years.  This court is also familiar with *Strickland v. Washington*, 466 U.S. 668 (1984), and has also been so for years.  *See Davis v. VanNatta*, No. 04-2349 (7th Cir. February 9, 2006).  This court must conclude that the petition filed here was not timely.  Therefore, it must be and is **DISMISSED**.  **IT IS SO ORDERED**.

**DATED:**  March 1, 2006

                                                   **S/ ALLEN SHARP**
                                                   **ALLEN SHARP, JUDGE**
                                                   **UNITED STATES DISTRICT COURT**